Filed 11/14/13  P. v. Thomas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BEN SULLIVAN THOMAS,<br><br>    Defendant and Appellant. | D063711<br><br>(Super. Ct. No. SCD241793) |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Ben Sullivan Thomas of two counts of vandalism over $400 and one count each of assault with a deadly weapon, making a criminal threat and false imprisonment by violence, menace, fraud, or deceit.  It also found true the allegation that he used a deadly weapon.  He later admitted that he had a

prison prior conviction, a probation denial prior, a serious felony prior and a prior strike conviction. The trial court denied his motion to strike his prior strike conviction for purposes of sentencing.

It sentenced Thomas to the middle term of four years on the first (assault with a deadly weapon) count, which was deemed the principal count, doubled to eight years as a result of Thomas's prior strike conviction. It imposed concurrent sentences of four years on the personal use allegation and the second (making a criminal threat), third (false imprisonment) and fourth (vandalism) counts, but stayed the sentence on the false imprisonment count under Penal Code section 654. He also received a consecutive sentence of 16 months (one third the middle term of four years) on the fifth (vandalism) count, a consecutive sentence of one year on his prison prior conviction, and a consecutive sentence of five years on the serious prior felony. The total sentence amounted to 15 years, 4 months.

His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. We find no arguable issue and affirm.

FACTUAL AND PROCEDURAL HISTORY

On July 1, 2012, Thomas was involved in incidents where he attacked the occupants of two cars. While driving in the Little Italy section of San Diego, Laura and Travis Nunn noticed a man, later identified as Thomas, walking down the middle of the road. Travis swerved around Thomas, without striking him.

2

Thomas ran up to the car when it was stopped at a red light and kicked the passenger side door. When Thomas tried to open the locked car door, Travis evaded him and the couple called the police. The incident resulted in a dent to the passenger side door of the car, as well as other damage, totaling about $2,230.

Shortly after the incident involving the Nunns, Lauren Losoncy was driving her car from her job located in downtown San Diego. Thomas approached Losoncy's car, kicked the door, jumped on the hood, tried to smash a window and broke off the passenger side mirror. Losoncy proceeded through the red light, but stopped about a block later, because she was not sure whether she should call police or travel home. Losoncy called police and eventually pulled into a gas station. When Losoncy was outside of her car, Thomas knocked her to the ground, climbed on top of her and screamed that he was going to "'fucking hurt'" her. Losoncy ran away, but Thomas threw a large rock at her, hitting her in the face and causing her to fall. She was able to escape in her car. Thomas's actions resulted in damage to Losoncy's vehicle totaling about $1,630. The police later contacted the Nunns, who identified Thomas as the person that had accosted them.

The jury heard from several character witnesses who testified, among other things, that Thomas had a reputation as being truthful and peaceful. Thomas also testified in his own defense. He admitted kicking the Nunns' car, but claimed he did so after the car almost reversed into him. Thomas claimed that Losoncy hit him with her car and that caused the mirror of the car to fall off. Eventually, Thomas saw Losoncy go into a gas station. He picked up a rock and ran toward

3

her.  Thomas claimed that Losoncy fell as she backed away from him.  He admitted throwing the rock in Losoncy's direction, but claimed that he was not trying to hit her.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below.  He presented no argument for reversal, but asked this court to review the record for error as mandated by *Wende*.  We granted Thomas permission to file a brief on his own behalf.  He has not responded.

Our review of the record pursuant to *Wende* has disclosed no reasonably arguable issues on appeal.  In examining the record in this case, we noticed a typographical error in the abstract of judgment.  The trial court ordered total custody credits of 292 days for Case A.  The abstract of judgment erroneously states that Thomas received total credits of 92 days on Case A.  We have inherent power to correct clerical errors in the abstract of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Competent counsel has represented Thomas on this appeal.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a new abstract of judgment to correct a typographical error on the abstract by deleting "92" as the total credits on Case A and replacing it with "292."  The trial court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.